Filed 1/8/25  P. v. Peeler CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C100855 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F06302) |
| v. | |
| BRICE PEELER, | |
| Defendant and Appellant. | |

Defendant Brice Peeler appeals from a postconviction order resentencing him pursuant to Penal Code section 1172.75.[1]  His appellate counsel filed a brief raising no arguable issues under *People v. Wende* (1979) 25 Cal.3d 436 and asked that we exercise our discretion to review the record for arguable issues on appeal.  Defendant did not file a

_____

[1]  Undesignated statutory references are to the Penal Code.

1

supplemental brief. It appears that counsel did not notify defendant that his failure to file a supplemental brief may result in dismissal of his appeal (see *People v. Delgadillo* (2022) 14 Cal.5th 216); accordingly, we independently review the record. (See *id*. at p. 226.) Finding no arguable errors that would result in a disposition more favorable to defendant, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

*Verdicts and Original Sentencing*

In 2014, a jury found defendant guilty of assault upon a peace officer with a semiautomatic firearm (§ 245, subd. (d)(2)), evading a peace office (Veh. Code, § 2800.2, subd. (a)), and being a felon in possession of a firearm (§ 29800, subd. (a)(1)). As to the assault charge, the jury also found true a gun enhancement. (§ 12022.53, subd. (b).) In bifurcated proceedings, the trial court found true that defendant had a prior serious felony (§ 667, subd. (a)), a prior strike (§§ 667, subs. (b)-(i), 1170.12), and three prior prison term enhancements (former § 667.5, subd. (b)).

The prior serious felony and prior strike allegations were based on a 2009 conviction for criminal threats. (§ 422.) The three prior prison term enhancements were based on: (1) a 2005 conviction for possession of a controlled substance (former Health & Saf. Code, § 11377), (2) a 2004 conviction for being a felon in possession of a firearm (former Pen. Code, § 12021, subd. (a)(1)) and possession of a controlled substance (former Health & Saf. Code, § 11377), and (3) a 2001 conviction for impersonating another (former Pen. Code, § 529(3)) and failure to appear (former Pen. Code, § 1320, subd. (b)).

In May 2014, the trial court sentenced defendant to prison for an aggregate term of 38 years eight months, as follows: (1) 18 years (the upper term of nine years doubled due to the strike) for the assault charge plus 10 years consecutive for the associated gun enhancement, (2) 16 months (one-third the middle term of two years doubled) consecutive for the evasion charge, (3) 16 months (one-third the middle term of two years

2

doubled) consecutive for the firearm possession charge, (4) five years consecutive for the prior serious felony enhancement, and (5) one year consecutive for each of the three prior prison term enhancements.  This court affirmed the judgment on appeal.  (*People v. Peeler* (Mar. 17, 2015, C076528) [nonpub. opn.].)

In April 2019, an amended abstract of judgment was filed reflecting that one of defendant's prior prison term enhancements had been stricken.  Defendant's aggregate prison sentence was reduced to 37 years eight months.

*Recall and Resentencing*

The trial court subsequently received notice that defendant was eligible for resentencing under section 1172.75.  In July 2023, the court appointed counsel and requested briefing.  The prosecution filed a brief asking the court to strike the two remaining prior prison term enhancements but otherwise impose the same sentence. Defendant filed a brief asking the court to dismiss his two remaining prior prison term enhancements, impose the middle term on the principal count, strike the prior serious felony enhancement, strike or stay the gun enhancement, and strike his prior strike pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 and section 1385, subdivision (a), for an aggregate prison sentence of 11 years eight months.  He noted that multiple enhancements had been alleged in the case, the application of an enhancement could result in a sentence greater than 20 years, and the enhancement and strike were based on a prior conviction that was more than five years old.  (§ 1385, subds. (c)(2)(B), (c)(2)(C), (c)(2)(H), but see, e.g., *People v. Serrano* (2024) 100 Cal.App.5th 1324, 1338 [the three strikes law is an alternative sentencing scheme not impacted by § 1385, subd. (c)].)

Defendant further argued he did not currently pose any risk of physical harm to anyone, and he was less likely to reoffend because he had been incarcerated for 12 years and he was now in his early 40s.  In addition, during his incarceration he had engaged in

3

self-help programs, vocational opportunities, and education, including a substance abuse program and seven college courses.

During a January 2024 hearing, the trial court disclosed certain connections with law enforcement and explained it did not believe this affected its ability to be fair or unbiased. Defense counsel did not object. The court struck the prior prison term enhancements and continued the matter to obtain a copy of defendant's prison file and a supplemental probation report.

In the supplemental report, the probation officer recommended the trial court strike the prior prison term enhancements but otherwise impose the same sentence. The report noted that defendant had completed multiple self-help programs, including substance abuse treatment, but also had the following rule violations: (1) a 2020 violation for engaging in a physical altercation with another inmate, (2) a 2022 violation for refusing to secure his cell during a med pass recall, resulting in delaying a peace officer in performance of their duties, and (3) a 2023 violation for refusing to provide a urine sample for drug testing.

During the March 2024 resentencing hearing, the prosecutor asked the trial court to strike the remaining prior prison term enhancements but, based on the facts of defendant's prior crimes and the current case, leave the remainder of the sentence unchanged. The prosecutor described the instant crimes as "aggravating." He explained police officers had been searching for defendant and found him as he was driving with multiple passengers in his car. Defendant proceeded to lead the officers on a "relatively dangerous high speed chase" before stopping the car and attempting to flee on foot. He had a loaded handgun and pointed it "directly in the face" of a responding officer. Defendant "had his finger on the trigger," but was unable to fire the gun. He then hopped a fence, forced his way into a residence, kicked out a window upstairs, jumped out, and was apprehended. Police officers found in defendant's car a "notebook with police frequencies," and defendant had written letters stating he wanted to "blast a cop." The

4

prosecutor noted that, during the original sentencing, the trial court must have been "moved by the facts of the trial" and defendant's prior record when it imposed the upper term.

The prosecutor further argued defendant had a "significant criminal history." Based on the description in the 2014 probation report, the prosecutor explained that defendant's 2009 conviction for criminal threats and grand theft (which was the basis for his prior strike and prior serious felony) involved violence. Specifically, defendant entered the victim's home armed with a knife, cut the victim, demanded money from the victim, and then threatened to kill the victim. Based on a certified rap sheet, which the trial court admitted, the prosecutor argued defendant had served prior prison terms and his prior convictions were increasing in seriousness. Although defendant had engaged in self-help programs while in prison, this did not make him a less dangerous person.

Turning first to defendant's *Romero* motion, the trial court noted defendant had a "lengthy" criminal history. In addition to the four prior convictions that formed the basis for the prior prison term enhancements and the prior strike/serious felony, defendant had juvenile adjudications and several other felony and misdemeanor convictions, including assault. Defendant was also charged in 2012 with assault with a firearm (§ 245, subd. (a)(2)) and other related charges, although it was unclear whether those charges had been dismissed given the sentence on the instant offenses. The court acknowledged defendant had "done some good things" while incarcerated, but also had three rule violations. In sum, defendant had engaged in criminal behavior since he was a young man, perhaps due to substance abuse. One of defendant's rule violations was for refusing to take a drug test in April 2023.

The trial court further noted defendant's criminal record demonstrated "escalat[ing]" violence, including the "very violent" instant offenses. Defendant was 29 years old and "not a young man" at the times of the crimes. As to whether he had changed over the past 12 years, the court noted defendant had engaged in programming

5

and had "mostly" followed prison rules. In sum, when considering defendant's background, character, and prospects, he was not outside the spirit of the three strikes law, and the court declined to strike the prior strike or the prior serious felony enhancement.

Turning next to the gun enhancement, the trial court asked defense counsel if defendant had any history of mental illness or childhood trauma, and counsel responded no. The court noted it gave "great weight" to the following mitigating circumstances: (1) the gun enhancement resulted in a sentence of more than 20 years (§ 1385, subd. (c)(2)(C)) and (2) there had been multiple enhancements alleged in the case (namely the prior serious felony and the gun enhancement) (§ 1385, subd. (c)(2)(B)). However, dismissing the enhancement "really would endanger the public safety." It was true that defendant was currently incarcerated and therefore less able to inflict harm on others, and it was possible that defendant had become less violent as he had aged. Still, there was evidence defendant would be dangerous upon his release given his rule violation for getting into a physical fight in 2020. It was also significant that from 2001 to 2012, defendant "repeatedly did very bad, violent things." Defendant had "crossed" a "significant" line when he pointed a loaded gun at the police officer's head during the instant offenses. Combined with his violent criminal history, "anybody looking at this would have to reasonably conclude" that defendant was a danger to society and striking the enhancement would endanger society. Under the circumstances, the court declined to dismiss or reduce the gun enhancement.

The trial court then considered which term to impose on the principal count. The court noted it was generally unable to impose the upper term unless a circumstance in aggravation had been found proven to a fact finder beyond a reasonable doubt, meaning it could not consider any of the circumstances relating to the crime. (§ 1170, subds. (b)(1)-

6

(3); Cal. Rules of Court, rule 4.421(a)(1)-(12).)**2**  However, based on the true findings on the prior prison term enhancements and the certified rap sheet, the court could consider whether (1) defendant's prior convictions as an adult were numerous or of increasing seriousness and (2) defendant had served a prior prison term.  (§ 1170, subd. (b)(3); rule 4.421(b)(2), (3).)  The court found these two circumstances to be true beyond a reasonable doubt because defendant's criminal history "gradually move[d] up to violence."  The court noted there were "very few" mitigating circumstances in the case. The court briefly mentioned some of the facts of the underlying case but stressed it was only considering the two aggravating circumstances described in rule 4.421(b)(2) and (3). Those aggravating circumstances outweighed the mitigating circumstances, making the upper term appropriate.

The trial court then sentenced defendant to prison for an aggregate term of 35 years eight months, that mirrored the original sentence outlined *ante* except for omission of the three prior prison terms previously imposed.  The court awarded 4,292 days of custody credit (598 original actual days plus 3,605 additional actual days plus 89 original days of presentence conduct credit).  The court also imposed a $7,800 restitution fine (§ 1202.4, subd. (b)), a corresponding $7,800 parole revocation fine (suspended unless parole is revoked) (§ 1202.45), a $1,000 victim restitution fine (§ 1202.4, subd. (f)), a $120 court operations fee (§ 1465.8, subd. (a)(1)), and a $90 criminal conviction assessment fee (Gov. Code, § 70373).

Defendant timely appealed.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable

---

**2**  Undesignated rule references are to the California Rules of Court.

7

issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Counsel advised defendant of his right to file a supplemental brief within 30 days and defendant did not file a brief. We have exercised our discretion to review the record (see, e.g., *People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 226, 230), and have found no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The trial court's resentencing order is affirmed.


_____/s/_____
Duarte, J.



We concur:


_____/s/_____
Earl, P. J.



_____/s/_____
Robie, J.